RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiff
Chang Liu

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Chang Liu,<br><br>Plaintiff,<br><br>vs.<br><br>2000 Broadway G2 LLC; Greystar Real Estate Partners, LLC; and Columbia Debt Recovery LLC, dba Genesis; and DOES 1-5,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |



Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

Plaintiff Chang Liu ("Plaintiff"), by and through his counsel, brings this Complaint (the "Complaint") against defendants 2000 Broadway G2 LLC; Greystar Real Estate Partners, LLC ("Greystar") (2000 Broadway G2 LLC and Greystar are jointly referred to as "Landlord Defendants"); and Columbia Debt Recovery LLC, dba Genesis ("Genesis") (together, "Defendants"), and alleges as follows:

**SUMMARY OF ACTION**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants with respect to its credit reporting and collection practices.

2. Specifically, Defendants inaccurately reported allegedly past due rental payments even though Plaintiff timely made all required payments, failed to conduct a reasonable investigation in response to Plaintiff's credit reporting disputes, and demanded money for alleged missed rental payments that Plaintiff did not owe.

3. In so doing, Defendants violated the: (i) California Consumer Credit Reporting Agencies Act ("CCRAA"); and (ii) federal Fair Credit Reporting Agencies Act ("FCRA"), 15 U.S.C. § 1681s-2(b). Genesis also violated the federal Fair Debt Collection Practices Act ("FDCPA"), and Landlord Defendants are liable for breach of the implied warranty of habitability and constructive eviction.

4. With respect to Landlord Defendants' breach of the implied warranty of habitability and constructive eviction, Plaintiff seeks a judicial determination and/or declaratory relief that Plaintiff was constructively evicted and did not owe rent after vacating the Unit on or about May 1, 2024.

5. With respect to Defendants' unlawful credit reporting practice, pursuant to Civil Code § 1785.31, Plaintiff seeks an injunction ordering that Defendants delete the tradeline for the alleged debt.

///

///

///

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

**THE PARTIES**

6. Plaintiff is a consumer residing in the State of California, San Francisco County. Plaintiff rented a small studio apartment on the top floor of the apartment complex (the "Unit") located at 2000 Broadway, San Francisco, California.

7. Defendant 2000 Broadway G2 LLC is a California limited liability company headquartered in San Francisco, California. 2000 Broadway G2 LLC is the owner of the twelve-story, 222-unit multi-family residential building located at 2000 Broadway, San Francisco, CA, in the Pacific Heights neighborhood of San Francisco ("2000 Broadway").

8. Defendant Greystar is a Delaware limited liability company headquartered in Charleston, South Carolina. At all times relevant, Greystar managed the units at 2000 Broadway. Pursuant to the National Multifamily Housing Council, in 2025 Greystar was the nation's largest owner, builder, and manager of rental units in the United States, with 946,742 units managed in 2025.

9. Defendant Genesis is a third-party debt collection agency that collects debts on behalf of others. Genesis is licensed in California and headquartered in Washington. Genesis touts that it "specializes in collections for the multi-family industry" and "provides organizations the ability to take back control of their delinquent accounts." *See* Genesis (available at: https://www.genesiscred.com/default.aspx#about) (last visited on April 6, 2026).

10. At all relevant times, as alleged more fully herein, Greystar and Genesis acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the 2000 Broadway G2 LLC, and in doing the things alleged herein acted within the course and scope of such agency, authority, employment, alter-ego and/or in furtherance of the joint venture. Greystar and Genesis were each an authorized agent and/or sub-agent and fiduciary representative and acted at the authority, direction and control of 2000 Broadway G2 LLC in the collection of and reporting of the alleged debt to the credit bureaus. Each of the defendants' acts alleged herein was done with the permission and consent of each of the other defendants.

11. Doe Defendants 1-5 are the other companies or individuals responsible for the credit reporting and collection activity on the alleged debt.

**JURISDICTION AND VENUE**

12. This is an action brought under 15 U.S.C. § 1681n and § 1681o of the FCRA and 15 U.S.C. § 1692 of the FDCPA. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

13. Defendants regularly conduct business within the State of California, including San Francisco County, the 2000 Broadway is located in San Francisco County and the harm occurred in San Francisco County, which means personal jurisdiction is established.

14. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

15. Beginning in October 2023, Plaintiff began leasing a studio apartment (the "Unit") located at 2000 Broadway San Francisco, California.

16. The Unit was located on the top floor of the apartment complex.

17. Just above the unit on the rooftop was a loud vibrating machine, possibly used for ventilation, that ran twenty-four (24) hours per day.

18. The Unit also contained a vent hood in the kitchen that made persistent vibration noises and could not be turned off. The vibrating noise was so loud Plaintiff was forced to wear ear plugs in the Unit.

19. San Francisco's winters are chilly, and in December 2023 temperatures at night were in the 40s and 50s. At that time, the heater in the Unit was not working.

20. As a result, on December 9 and December 21 Plaintiff submitted two maintenance requests for heater repairs. Due to the lack of heat, Plaintiff caught a cold twice and one occasion he was forced to seek medical treatment at 2:00 a.m.

21. As a result of the loud machine above the Unit, Plaintiff was unable to sleep properly. On or about March 2, 2024 Plaintiff submitted a notice to management about the noise, advising that it woke him up around 3:00 a.m. in the morning. Plaintiff submitted another notice on March 12 about the "extremely loud" noise and asking for "any solutions… to reduce the noise." Plaintiff stated that "[i]t is hard for me to fall asleep with this level of noise at night." Plaintiff

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

submitted another complaint on March 17, stating that "[t]he noise issue still has not been resolved and it's very hard for me to fall asleep at night even with ear plugs."

22. As a result of the noisy kitchen hood, on or about February 14, February 29, April 3, and April 4 Plaintiff submitted written complaints to Landlord Defendants about the loud noise coming from the hood. Plaintiff explained that the noise was becoming increasingly worse and despite wearing ear plugs Plaintiff was unable to fall asleep.

23. As of March 2024 the Landlord Defendants had not repaired the heater or addressed the noise from the roof or kitchen hood.

24. As a result, Plaintiff retained and paid for a lawyer who sent Landlord Defendants a Notice to Cure Uninhabitable Condition on behalf of Plaintiff on April 4.

25. Landlord Defendants still failed to repair the heater or the noises coming from the roof and kitchen hood.

26. Landlord Defendants created uninhabitable living conditions for Plaintiff that constituted a breach of warranty of habitability and a constructive eviction under Civil Code § 1941 *et seq*.

27. Nevertheless, Plaintiff timely made all rental payments to Landlord Defendants since the start of the lease term.

28. Plaintiff was extremely stressed and felt lost. On or about April 20, Plaintiff informed Landlord Defendant's property manager Mary Mwangi in person that the Unit was uninhabitable and intolerable, and he could no longer stay there. Ms. Mwangi responded dismissively, stating, "Please leave my office and shut the door. You can do whatever you want, and do not bother me."

29. Due to the stress and unbearable conditions of the Unit that Landlord Defendants refused to repair, from April 20 to 27th Plaintiff rented and paid for an AirBnB. Plaintiff desperately needed the physical and mental rest from the stress, anxiety and loss of sleep caused by Landlord Defendants.

30. On or about April 30, Plaintiff experienced severe pain in his ear as result of constantly wearing the ear plugs and was forced to visit a doctor to address the pain.

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

31. On May 1, 2024 the San Francisco Department of Building Inspection issued Landlord Defendants a violation notice for the Unit stating *inter alia*:

> PROVIDE HEAT TO EACH OCCUPIED HABITABLE ROOM CAPABLE OF MAINTAINING A MIN. ROOM TEMP. OF 70 DEGREES F. (21 DEGREES C.). (701(a) HC)… At the time of inspection, the single electric wall heater was incapable of increasing the temperature of the apartment, and the heat did not meet the requirements set forth in the Heat Ordinance. Have a professional make changes to the heating system… ALL ITEMS MUST BE COMPLETED WITHIN 30 DAYS. (emphasis in original)

32. That same day Plaintiff moved out of the Unit and returned the keys to Landlord Defendants.

33. In June 2024 Landlord Defendants called Plaintiff requesting his mailing address under the guise of returning his rental deposit. Chang demanded that Landlord Defendants cease contacting him and stated that all communications should be made through his counsel.

34. On or about June 11 Landlord Defendants demanded that Plaintiff pay a balance of $14,384.32.

35. Beginning in or about October Defendants began calling and sending written collection notices, first demanding over $14,000.00 and then subsequently reduced the demand to $7,498.77 [to you directly, or thru your lawyer?].

36. As a part of their collection activity and in an attempt to obtain payment, Defendants began reporting the rental balance to the credit reporting agencies, Equifax, Experian and TransUnion (collectively the "CRAs").

37. From February 2025 to March 2026 Plaintiff submitted disputes to the CRAs explaining that Landlord Defendants had breached the covenant of quiet enjoyment and implied warranty of habitability and constructively evicted Plaintiff, and Plaintiff was not obligated to pay the allegedly past due balance.

38. On information and belief, the CRAs notified Defendants. In response, Defendants failed to conduct a reasonable investigation and continued to report the balance as past due on Plaintiff's credit reports.

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

39. Defendants' conduct has caused Plaintiff to incur fees on lawyers, costs for the uninhabitable Unit, and alternative housing, and significant emotional distress, anxiety, and loss of sleep.

40. Defendants' credit reporting has also damaged Plaintiff's credit score and history and prevented Plaintiff from obtaining a home mortgage loan.

**FIRST CAUSE OF ACTION**

**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY AND QUIET ENJOYMENT / CONSTRUCTIVE EVICTION**

**(Against Landlord Defendants Only)**

41. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

42. At all relevant times, Plaintiff was a residential tenant of 2000 Broadway.

43. At all relevant times, the Landlord Defendants owned, leased, managed, maintained, controlled, repaired, and/or were otherwise responsible for the condition of the Unit and the building systems, equipment, common areas, and appurtenances affecting the Unit.

44. Under California law, every residential lease contains an implied warranty of habitability, including the landlord's duty to provide and maintain a tenantable dwelling. Civil Code section 1941.1 provides, among other things, that a dwelling is untenantable if it substantially lacks heating facilities maintained in good working order.

45. In addition, Plaintiff's lease required the Landlord Defendants to provide heat as required by law.

46. During Plaintiff's tenancy, the Unit became and remained untenantable, unsafe, unhealthy, and unfit for ordinary residential use.

47. Beginning no later than December 2023, the heater in the Unit was not working and failed to provide adequate heat during winter conditions in San Francisco.

48. Plaintiff notified the Landlord Defendants of the heater defect, including by written maintenance requests submitted on or about December 9, 2023 and December 21, 2023, and requested repairs.

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

49. The lack of adequate heat forced Plaintiff to endure unbearably cold conditions in the Unit and caused illness, physical discomfort, loss of sleep, and on one occasion forced Plaintiff to seek medical treatment in the middle of the night.

50. In addition to the heater defect, an extremely loud machine and/or mechanical equipment located on the roof directly above the Unit ran continuously and created excessive noise and disturbance that materially interfered with Plaintiff's use and enjoyment of the Unit.

51. Plaintiff repeatedly notified the Landlord Defendants of the unbearable roof noise condition, including written complaints on or about March 2, 2024, March 12, 2024, and March 17, 2024, in which Plaintiff advised management that the noise woke him at night, was extremely loud, and made it difficult or impossible to fall asleep even with ear plugs.

52. The roof noise condition was substantial, ongoing, and unreasonable, and materially interfered with Plaintiff's ability to sleep, rest, reside in, and enjoy the Unit.

53. The heater defect and roof noise condition were not caused by any act or omission of Plaintiff.

54. Despite repeated actual notice, the Landlord Defendants failed to repair the heater, failed to correct the roof noise condition, and failed to restore the Unit to a habitable and livable condition within a reasonable time.

55. Plaintiff ultimately retained counsel, and counsel sent the Landlord Defendants a Notice to Cure Uninhabitable Condition on Plaintiff's behalf. Even then, the Landlord Defendants failed to timely cure the defective conditions.

56. On or about May 1, 2024, the San Francisco Department of Building Inspection issued a violation notice regarding the Unit, stating, among other things, that the single electric wall heater was incapable of increasing the temperature of the apartment and that the heat did not satisfy the applicable heat ordinance requirements.

57. In mid-May 2024, the San Francisco Department of Health ("DPH") attempted to investigate Plaintiff's noise complaints and take onsite sound level measurements at the Unit. However, Landlord Defendants refused the DPH entry into the Unit on the grounds that Plaintiff had vacated the Unit.

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

58. The defective conditions in the Unit, including but not limited to the failure to provide adequate heat and the continuing roof noise disturbance, substantially deprived Plaintiff of the beneficial use, comfort, safety, habitability, and enjoyment of the Unit.

59. By reason of the foregoing, the Landlord Defendants breached the implied warranty of habitability.

60. By reason of the foregoing, the Landlord Defendants also breached the covenant of quiet enjoyment by substantially interfering with Plaintiff's use, possession, and enjoyment of the Unit.

61. The conditions became so severe and intolerable that a reasonable residential tenant in Plaintiff's position would have been compelled to vacate the premises.

62. Beginning no later than December 2023, after Plaintiff notified Defendants that the heater in the Unit was not functioning and Defendants failed to repair the condition within a reasonable time, the Unit's reasonable rental value was materially reduced, and Plaintiff's rent obligation was correspondingly abated, up to and including a complete abatement to the extent the trier of fact determines the Unit had no reasonable rental value in its defective condition. By reason of Landlord Defendants' continuing failure to restore adequate heat and to correct the ongoing rooftop noise condition after repeated notice, the Unit became untenantable and Plaintiff was compelled to vacate; accordingly, no later than May 1, 2024, when Plaintiff surrendered possession, any further obligation to pay rent ceased.

63. As a direct and proximate result of the Landlord Defendants' acts and omissions, Plaintiff was constructively evicted from the Unit and, on or about May 1, 2024, vacated the Unit and returned possession and keys to the Landlord Defendants.

64. Because Plaintiff was constructively evicted, Plaintiff's obligation to pay rent ceased upon vacating the Unit, and Plaintiff is not liable for rent claimed to have accrued thereafter.

65. As a direct and proximate result of the Landlord Defendants' conduct, Plaintiff has suffered damages according to proof, including but not limited to rent abatement, overpayment of rent, out-of-pocket losses, alternative housing expenses including Airbnb costs, moving-related

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

expenses, emotional distress, annoyance, inconvenience, discomfort, anxiety, loss of sleep, and other general and special damages according to proof.

66. As a further direct and proximate result of the Landlord Defendants' conduct, the Landlord Defendants wrongfully claimed that Plaintiff owed post-vacatur rent and asserted an alleged rental balance that Plaintiff does not owe.

67. Plaintiff seeks a declaration that no later than May 1, 2024, when Plaintiff surrendered possession of the Unit, any further obligation to pay rent ceased.

**SECOND CAUSE OF ACTION**

**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**California Civil Code §1785.25(a)**

**(Against All Defendants)**

68. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

69. As the furnisher of information to credit reporting agencies, Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Section 1785.25(a) of the CCRAA.

70. Plaintiff timely made all monthly payments required by law to Landlord Defendants. In fact, Plaintiff was not required to make full monthly payments after December 2023 when he notified Landlord Defendants of the defective heater and Landlord Defendants failed to cure the defect. Plaintiff was not required to make monthly payments at all beginning in May 2024 after he was constructively evicted by Landlord Defendants.

71. In violation of the CCRAA Defendants inaccurately reported and continue to report the alleged rental payment balance of $8,216.00 (the "Rental Balance") as past due even though Plaintiff paid more in rental payments than Landlord Defendants were entitled to after Landlord Defendants created an uninhabitable living condition for Plaintiff beginning in December 2023 and constructively evicted Plaintiff as of May 2024.

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

72. Defendants know and should have known that Plaintiff does not owe the Rental Balance and the Rental Balance is being reported inaccurately. Defendants received notices from the CRAs that the Rental Balance was not past due but thereafter continued to report the Loan as past due.

73. Every month that Defendants continued to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

74. Such false and inaccurate reporting has caused Plaintiff actual damages as set forth in the Statement of Facts, including the inability to obtain home mortgage loan, emotional distress, loss of sleep, and anxiety.

75. Defendants' violations were negligent at a minimum, as a reasonable person would have known that the Rental Balance history was not accurate, factually or legally.

76. Defendants' violations were also willful in that Defendants acted with knowledge, intent, and such a high degree of risk of committing a legal violation that was higher than mere carelessness, because Defendants received notices from the CRAs that the Rental Balance not past due but thereafter continued to report the Loan as past due.

## THIRD CAUSE OF ACTION

## FEDERAL FAIR CREDIT REPORTING ACT

## 15 U.S.C. §1681s-2(b)

## (Against All Defendants)

77. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

78. As the furnisher of information to credit reporting agencies, Defendants is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency, pursuant to 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the FCRA:

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

79. Plaintiff submitted written disputes containing detailed information about the breach of warranty of habitability and constructive eviction to the CRAs. On information and belief, as required by the FCRA, the CRAs notified Defendants about Plaintiff's disputes.

80. Despite Plaintiff's disputes explaining that the Rental Balance should not be reported as past due, Defendants repeatedly failed to update/modify/delete the inaccurate information.

81. Consequently, Defendants have violated multiple provisions of 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the dispute, and by also failing to update/modify/delete inaccurate information.

82. Defendants' violations of §1681s-2(b) were negligent at a minimum, because a reasonable person would have simply reviewed the lease history and determined that Plaintiff did not owe the Rental Balance.

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

83. Defendants' violations of §1681s-2(b) were willful, in that in an attempt to collect the Rental Balance they acted knowingly and intentionally, and also recklessly disregarded Plaintiff's repeated written disputes, which resulted in their verifying false and inaccurate information.

84. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as set forth in the Statement of Facts.

**FOURTH CAUSE OF ACTION**

**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq*.**

**(Against Defendant Genesis Only)**

85. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

86. Genesis is a "debt collector" under the FDCPA.

87. Plaintiff is a "consumer" within the meaning of the FDCPA.

88. Genesis's acts and omissions constitute violations of the FDCPA, including but not limited to the violations of sections 1692e and 1692f.

89. Genesis violated 15 U.S.C. §§ 1692e and 1692f by making false, deceptive and/or misleading representations in an attempt to collect a debt. This included but is not limited to emails and phone calls demanding that Plaintiff pay amounts ranging from approximately $7,400.00 to $14,398.00, and inaccurately reporting the Rental Balance as past due to the CRAs and refusing to correct the reporting despite Plaintiff's repeated disputes. Genesis also communicated credit information which it knew or should have known to be false, and also failed to communicate to the CRAs that the Rental Balance is disputed.

90. Genesis's conduct has caused Plaintiff immense stress, anxiety, loss of sleep, embarrassment and grief.

91. As a result of Genesis's willful, knowing, and reckless violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded the following legal and equitable relief:

1. Actual, statutory, and compensatory damages for injuries suffered by Plaintiff;

2. Plus punitive damages of $5,000.00 for each individual violation of the CCRAA, pursuant to California Civil Code § 1785.31(a)(2)(A)-(C);

3. Plus statutory damages of $1,000.00 for each individual violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A);

4. Plus punitive damages in an amount to be determined by a jury for willful violations of the FCRA, pursuant to 15 U.S.C. §1681n(a)(2);

5. For rent abatement, restitution, and/or overpaid rent according to proof;

6. For a judicial determination and/or declaratory relief that Plaintiff was constructively evicted and did not owe rent after vacating the Unit on or about May 1, 2024;

7. Injunctive relief ordering Defendants to delete the Rental Balance tradeline from Plaintiff's credit reports, pursuant to California Civil Code § 1785.31(b);

8. Reasonable attorney's fees and costs to bring and maintain the instant action, pursuant to the CCRAA, FCRA, and FDCPA.

9. For such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: April 17, 2026

RAY KIM LAW, APC



Raymond Y. Kim
Attorneys for Plaintiff
Chang Liu

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832